UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAOLO PRONESTI,

    Plaintiff(s),

v.

GOLDEN ENTERTAINMENT,

    Defendant(s).

Case No.: 2:19-cv-01172-JAD-NJK

**ORDER**

(Docket Nos. 1-1, 6)

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 6. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 6. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Clerk's Office is **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**    **Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. When the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that, four months after he began working for Defendant in one of its restaurants, he reported that his supervisor was discriminating against him because he is not "of Spanish descent." Docket No. 1-1 at 1, 3–4. Plaintiff further alleges that Defendant failed to investigate his report, so he filed a complaint with the EEOC. *Id.* at 3–4. Plaintiff alleges that an investigation into his claims began the next day and ultimately led to his transfer. *Id.* at 4. Plaintiff alleges that he felt compelled to accept the transfer, even though he believed it was a retaliatory transfer. *Id.* 4–5. Plaintiff further alleges that, upon being transferred to another restaurant, he went from "facilitating one of the [company's] most lucrative departments . . . that grossed more in food sales than any other property to washing dishes, cleaning the floor, [and] waiting and bussing tables." *Id.* at 5. Plaintiff also alleges that he was given "slower shifts so the busier shifts would be available for other hourly employees and the general manager." *Id.*

1         Plaintiff brings a retaliation claim pursuant to 42 U.S.C. § 1981. Docket No. 1-1 at 7. Section 1981 "prohibits [racial] discrimination in the 'benefits, privileges, terms, and conditions' of employment." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(b)). Section 1981 further prohibits "racial discrimination in taking retaliatory action." *Id.* at 1107. "The legal principles governing a [S]ection 1981 retaliation claim and a Title VII retaliation claim are the same." *Norman v. Clark Cty. Dep't of Juvenile Justice Servs.*, 244 F. Supp. 3d 1085, 1091 (D. Nev. 2017) (citing *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003)). To state a claim for retaliation pursuant to Title VII, a plaintiff must allege that "(1) [he] engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, (2) the [employer] subjected [him] to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *Manatt*, 339 F.3d at 800.

        Plaintiff alleges that he engaged in protected conduct when he complained about racial discrimination by his supervisor, that Defendant took an adverse action against him by transferring him to another property where he had diminished responsibilities and slower shifts, and that the transfer occurred because he had complained about racial discrimination. Docket No. 1-1 at 4–5, 7. Thus, the Court finds that Plaintiff states a claim for retaliation pursuant to Section 1981.[1]

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff will not have to pay the filing fee of four hundred dollars ($400.00). Plaintiff may maintain this action to conclusion without the need for prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[1] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Thus, nothing herein prevents Defendant from moving to dismiss. The Court also notes that the amended complaint references other causes of action. *See* Docket No. 1-1 at 6–9. The Court does not express any opinion on any of these other claims, as it is enough at the screening stage that at least one claim has been pleaded sufficiently. *See Bem v. Clark County Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (the screening process authorizes courts to dismiss a case if the plaintiff "fails to state a claim").

2. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days to furnish the U.S. Marshal with the required Form USM–285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM–285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for the defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

3. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a copy of the document was mailed to Defendant or its counsel. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

IT IS SO ORDERED.

Dated: November 14, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

4